359 So.2d 892 (1978)
Hilda Yolanda ALMENGOR, As Mother and Next Friend of Jessica Patricia Avila, Appellant,
v.
DADE COUNTY D/B/a Jackson Memorial Hospital, Appellee.
No. 77-924.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rehearing Denied July 7, 1978.
*894 Stanley M. Rosenblatt, Greene & Cooper, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
The plaintiff Hilda Yolanda Almengor, as mother and next friend of her minor daughter, Jessica Patricia Avila, appeals a final summary judgment which was entered by the Circuit Court for the Eleventh Judicial Circuit of Florida in favor of the defendant Dade County d/b/a Jackson Memorial Hospital in a medical malpractice action on the ground that said action was barred by the then applicable four year statute of limitations. § 95.11(4) Fla. Stat. (1969). The plaintiff contends that the summary judgment was improperly entered because genuine issues of material fact exist as to whether the plaintiff was put on notice of an invasion of her legal rights more than four years prior to filing of the action herein. We agree and reverse.
It is the established law of this state that the statute of limitations in a medical malpractice action begins to run when the plaintiff has been put on notice of an invasion of his legal rights. This occurs when the plaintiff has notice of either (1) the negligent act giving rise to the cause of action, or (2) the existence of any injury which is the consequence of the negligent act, although the injury be slight and not involve all the damages later sustained. In this connection, the plaintiff is on notice as to the contents of relevant hospital and medical records which are available to or obtainable by the plaintiff pertaining to his treatment. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954); Buck v. Mouradian, 100 So.2d 70 (Fla.3d DCA 1958); Nardone v. Reynolds, 538 F.2d 1131 (5th Cir.1976).
The plaintiff is not on notice, however, as to either the negligent act or the injury caused thereby where he has no actual knowledge of either fact because (1) the medical defendant or his employee, servant or agent actively engages in concealment against the plaintiff so as to prevent inquiry or elude investigation or mislead the plaintiff relating to the existence of the cause of action, or (2) the medical defendant-physician or the medical defendant through his employee/servant/agent-physician fails to reveal to the plaintiff facts [as distinguished from mere possibilities or conjecture] known to, or available to such physician by efficient diagnosis, relating to the nature and/or cause of the plaintiff's adverse physical condition. The statute of limitations is tolled upon the happening of either of the above two events. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Buck v. Mouradian, 100 So.2d 70 (Fla.3d DCA 1958); Nardone v. Reynolds, 538 F.2d 1131 (5th Cir.1976).
The plaintiff herein has filed a medical malpractice action against the defendant hospital on the ground that her baby daughter was negligently delivered at birth and thereafter negligently cared for by the agents, servants, and employees of the defendant hospital as a result of which the baby has suffered severe brain damage. Our review of the record reveals a genuine issue of material fact as to whether the plaintiff was placed on notice more than four years prior to the filing of the action that her baby daughter was injured during birth. There is some evidence in the record that during this time the plaintiff was aware or should have been aware that the baby was born mentally retarded and thereafter showed signs of mental retardation and abnormal development. We do not believe, however, that this evidence put the plaintiff on notice as a matter of law that the baby was injured during birth because such evidence just as reasonably could have meant that the baby had been born with a congenital defect without any birth trauma. See Salvaggio v. Austin, 336 So.2d 1282 (Fla.2d DCA 1976).
In addition, there is also some indication in the record that a nurse as an employee of the defendant hospital actively and successfully misled the plaintiff as to the baby's true physical condition. The *895 nurse allegedly told the plaintiff that the baby would be only slightly retarded and that the plaintiff should not worry about it. It is our conclusion that this evidence raises a genuine issue of material fact as to whether an employee of the defendant hospital engaged in active concealment of the true condition of the plaintiff's baby which thereby kept the plaintiff in ignorance thereof. If true, such active and successful concealment would toll the running of the statute of limitations.
We are also persuaded that there is a genuine issue of material fact as to whether the doctors as employees of the defendant hospital who delivered the plaintiff's baby actually knew, or should have known through efficient diagnosis, of a physical injury to the baby inflicted during birth but failed to so inform the plaintiff which thereby kept the plaintiff in ignorance thereof. If true, such non-disclosure resulting in successful concealment would also toll the running of the statute of limitations.
The summary final judgment entered in this cause is reversed and the cause remanded for further proceedings.