PER CURIAM.
The appellants (Ann Roberts and her parents, suing on their own behalf and as her guardian) claim the trial court erred in granting a final summary judgment denying them any recovery against the appellees (Dr. Casey, Ann’s pediatrician, Munroe Memorial Hospital and their respective liability carriers). The court ruled that the appellants’ causes of action against the appellees are barred by the two year statute of limitations [1] and that section 768.44(6) of the medical mediation statute did not toll the running of the statute.
The record shows, without material dispute, that Ann Roberts was born an apparently healthy child on February 4, 1977, at Munroe Memorial Hospital. On April 5, 1977, Dr. Casey ordered her readmitted to the hospital. He treated her at Munroe for bacterial meningitis. After approximately one week, she was transferred to Shands Teaching Hospital in Gainesville because of the severity of her illness. While Ann was at Shands, Mrs. Roberts learned that her child had probably suffered severe brain damage. Mrs. Roberts also heard that other babies in the nursery at Munroe at about the time Ann was born had contracted infectious diseases, and that the hospital had been criticized for its lax visiting procedures in the maternity ward.
Mrs. Roberts stated in her deposition that she talked with Dr. Casey at the end of April, 1977, about bringing suit against the *1228 hospital. Dr. Casey said it was possible that Ann contracted the meningitis at Mun-roe, and he then advised her to consult an attorney.
The first question we shall consider is whether the tolling provision of chapter 768, relating to medical malpractice actions preserved appellants’ cause of action. Section 768.44 provides in relevant part:
(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law.
(4) The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court.
A summary of the medical mediation proceedings in this case is as follows:
February 3, 1979 Medical mediation claim filed. Referee expanded time for final hearing to 6 months.
July 6, 1979 Hearing. The parties appeared but presented no evidence. They stipulated it was a valid “start-up” hearing, and agreed to continue the hearing beyond 6 months.
October 29,1979 Final hearing scheduled but not held.
October 30, 1979 In response to motions made by appellees, referee terminated the proceedings “nunc pro tunc” effective August 3, 1979, because of lack of jurisdiction since no valid “start-up” hearing was held prior to August 3, 1979.
December 18, 1979 Suit filed in circuit court.
The question here is when did the sixty day period referred to in subsection (4) begin to run. Appellees argue that it began on August 3, 1979 because no valid “start-up” hearing was held.
It is clear that jurisdiction of the mediation panel terminates within six months unless there is a valid “start-up” hearing. This jurisdictional requirement cannot be altered by stipulation of the parties. Sanchez v. Wimpey, 409 So.2d 20 (Fla.1982); Aldana v. Holub, 381 So.2d 231 (Fla.1980); Diggett v. Conkling, 368 So.2d 74 (Fla. 4th DCA 1979); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978). Thus, the parties’ stipulation that it was a valid “start-up” hearing was of no effect.
There being no valid “start-up” hearing within six months of February 3, 1979, the date the mediation claim was filed, the jurisdiction of the panel terminated on August 3, 1979. The appellants then had either sixty days or the time remaining under the applicable statute of limitations, whichever was greater, within which to file suit. The trial court found that the acts and omissions constituting the alleged negligence occurred and the causes of action accrued on or before April 30, 1977, the time that appellants were advised by Dr. Casey to consult an attorney. Therefore, the complaint, which was filed December 18, 1979, was well beyond the two year period plus the six months during which the statute was tolled.
This brings us to the next question. Was summary judgment improper because there remained a question of fact as to when the appellant should have discovered the incident giving rise to the malpractice claim?
*1229 The statute of limitations in a medical malpractice action begins to run when the plaintiff has been put on notice of an invasion of his legal rights. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978). This occurs when the plaintiff has notice of either the negligent act which causes the injury or the existence of an injury which is a consequence of the negligent act. Almengor at 894. Here, appellants discovered in late April, 1977, that their child’s condition may have been caused by a negligent act. We hold that the statute of limitations began to run against both the hospital and Dr. Casey at this time. The fact that appellants were not aware that Dr. Casey’s treatment may have contributed to the child’s condition does not alter the result as appellants had been put on notice of an invasion of their legal rights at this time. Thus, the entry of summary judgment was not improper and we affirm.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.
SHARP, J., dissents with opinion.

. Section 95.11(4)(b), Florida Statutes (1975), which was in effect in 1977, provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence....