ORFINGER, Judge.
Marie Johnson and her husband Roy, plaintiffs below, appeal from a final summary judgment finding that their negligence claim against appellees One Stop Enterprises, Inc. d/b/a One Stop Automotive (One Stop) and South Carolina Insurance Co., as One Stop’s insurer, was barred by the statute of limitations. We affirm.
The undisputed facts reveal that Marie Johnson was injured while driving her husband’s automobile when a rear wheel flew off, causing her to lose control and ultimately resulting in the car flipping over, causing severe injuries to Marie. One Stop is a close corporation, owned or controlled by Roy Johnson, and is engaged in the automotive repair business. It was alleged that on January 15, 1980, the day prior to Marie’s injury, Roy had his son Steven take the car to DeLuxe Tire Service for new rear wheel tires. As Steven returned from DeLuxe after the new tires had been mounted, one of the rear wheels came loose as the car passed over some railroad tracks. Plaintiff alleges that Roy, as representative of One Stop, was called to the scene, and he tightened the loose wheel. Steven then made it home without further incident. The next day, Marie was injured when a rear wheel came off as she was driving the car.
Suit was filed against DeLuxe on April 10, 1981. One Stop and South Carolina Insurance Co. were added as defendants in appellants’ fourth amended complaint filed on May 22, 1986 along with a motion for leave to amend, which was later granted. The count against appellees alleges One Stop was negligent in inspecting the wheels and in properly securing the wheel to the car. After a further amendment, One Stop and South Carolina moved for summary judgment on the ground that the action against them was time barred. From the final summary judgment in favor of appel-lees, the Johnsons appeal.
The statute of limitations for negligence is four years. § 95.11(3)(a), Fla.Stat. (1987). Since the action against One Stop was filed more than six years after the date of the accident, the summary judgment finding the action to be time barred must be affirmed, see Department of Transportation v. Soldovere, 519 So.2d 616 (Fla.1988) (cause of action for negligence accrues at the time the injury is first inflicted), unless appellants are correct that factual issues exist as to whether the discovery doctrine suspended operation of the limitations period. Under Florida’s discovery standard, a cause of action does not accrue, for limitations purposes, until the injured party discovers or has a duty to discover the act constituting an invasion of his legal rights. Celotex Corp. v. Meehan, 523 So.2d 141 (Fla.1988) (medical diagnosis which revealed party was suffering from asbestos-related disease is triggering event for statute of limitations unless it is shown party should have been aware of a cause of action before that time). See also City of Miami v. Brooks, 70 So.2d 306 (Fla.1954) (medical malpractice action does not arise until notice of negligent act or consequences); Roberts v. Casey, 413 So.2d 1226 (Fla. 5th DCA 1982).
Appellants contend that there is an issue of fact as to when Marie discovered that she had a cause of action against One Stop, so that the summary judgment was improperly entered. Her contention misses the mark, because it is without dispute that she was aware, at the time of the accident, that she had been injured and that her legal rights had been invaded. Such knowledge determines when the cause of action accrues for limitation purposes. Thus, in Roberts v. Casey, supra, this court held *1160 that the statute of limitations commenced to run not when the plaintiff learned that the defendants conduct may have contributed to the loss or condition that activates the limitations period, but instead when the plaintiff is put on notice of an invasion of his or her legal rights. There, plaintiffs sued the hospital and their daughter’s pediatrician, Dr. Casey, claiming negligence when the child contracted an infectious disease at the hospital which ultimately led to severe injuries. In affirming summary dismissal of the action against the doctor, this court stated:
The statute of limitations in a medical malpractice action begins to run when the plaintiff has been put on notice of an invasion of his legal rights. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978). This occurs when the plaintiff has notice of either the negligent act which causes the injury or the existence of an injury which is a consequence of the negligent act. Almengor at 894. Here, appellants discovered in late April, 1977, that their child’s condition may have been caused by a negligent act. We hold that the statute of limitations began to run against both the hospital and Dr. Casey at this time. The fact that appellants were not aware that Dr. Casey’s treatment may have contributed to the child’s condition does not alter the result as appellants had been put on notice of an invasion of their legal rights at this time.
413 So.2d at 1229. See also Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla.1983); Nardone v. Reynolds, 333 So.2d 25 (Fla.1976).
Marie argues that she did not discover that she had a cause of action against One Stop until more than four years after the accident when she read a release prepared by One Stop’s insurer. However, as appel-lees assert, the cause of action accrues when the plaintiff became aware of the acts which constituted the invasion of her legal rights, not when she became aware of a right to sue a particular defendant. Marie was aware of everything that occurred, including the fact that the wheel had come loose and had been tightened by her husband. If, as she alleges, her husband, as an agent of One Stop, was negligent in not inspecting and securing the other wheels of the vehicle, the facts supporting this claim were known to her at the time of the accident, and the statute of limitations commenced to run at that time.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.