679 So.2d 1286 (1996)
Alice MANGONI, Giancarlo Mangoni, Her Husband; Gianina Marie Mangoni, a Minor, and Christopher Charles Mangoni, a Minor, By and Through Their Next Best Friend and Father, Giancarlo Mangoni, Appellants,
v.
Robert TEMKIN, D.O., Larry I. Gilderman, D.O., and University Medical Center, Appellees.
No. 95-1097.
District Court of Appeal of Florida, Fourth District.
September 25, 1996.
*1287 Ray Ferrero, Jr., and Todd Middlebrook of Ferrero & Middlebrook, P.A., Fort Lauderdale, for appellants.
Jay S. Weiss of Jay S. Weiss, P.A., Fort Lauderdale, for appellees.
STEVENSON, Judge.
This is an appeal from a final order of summary judgment in favor of the defendants in a medical malpractice action. We reverse because the trial court erred in holding that the alleged negligent act which formed the basis for the medical malpractice claim could not also serve as the basis for extending the limitations period under the statute of repose.
The facts developed in the record below, cast in the light most favorable to appellants, are as follows. In the early 1980s appellant Alice Mangoni sought treatment for migraine headaches and this eventually brought her under the care of appellees Drs. Temkin and Gilderman at University Medical Center (UMC). On March 8, 1985, Dr Temkin ordered a CT scan performed on Ms. Mangoni's brain at Pembroke Pines General Hospital. The CT scan showed the existence of a "cystic structure." Drs. Temkin and Gilderman were notified of the results of this test on March 19, 1985, and made one attempt to notify Ms. Mangoni by telephone but were unable to reach her. No other efforts were made to notify Mangoni of the results of the CT scan. Mangoni had contact with Drs. Temkin and Gilderman as late as December 1986, but neither she nor her husband were informed of the cyst.
In September or October of 1990, Mangoni consulted a neurologist who conducted various diagnostic procedures on her brain. The tests revealed that the cystic mass had grown dramatically. On November 23, 1990, Mangoni underwent a craniotomy to remove the cyst. In this medical malpractice action which followed, appellants assert that appellees were negligent in failing to inform Mangoni and her husband of the existence of the brain tumor and in failing to monitor the tumor for future treatment needs.
Appellees filed a motion for summary judgment and argued that even if the allegations in the complaint were true, the cause of action was barred by the four year statute of limitations. See § 95.11(4)(b), Fla.Stat. (1993). Appellants filed their complaint in September 1993. The parties agreed that the doctor-patient relationship between Mangoni and appellees ended in December 1986, at the latest and that the only way appellants' claim would not be barred would be if the statute of repose applied to extend the four year limitations period to seven years (December 1993); that is, if "fraud, concealment or intentional misrepresentation of fact" prevented the discovery of the injury within the four year period. Id.[1]
Appellants asserted that appellees' failure to disclose the existence of the tumor constituted concealment of the facts sufficient to toll the running of the statute. The trial court disagreed and held that the failure to disclose must be separate from the negligence in order to extend the statute of repose. Because the negligence in this case was the failure to disclose, the trial court granted summary judgment for appellees. We reverse.
We found no authorities directly on point and were provided with none by the parties. Appellants primarily rely on Nardone *1288 v. Reynolds, 333 So.2d 25 (Fla.1976), modified on other grounds, sub nom. Tanner v. Hartog, 618 So.2d 177 (Fla.1993), for their contention that failure of a physician to advise a patient of a significant medical condition could be considered "concealment" in accordance with section 95.11(4)(b). There, the supreme court recognized that the fiduciary, confidential relationship between a doctor and a patient imposes a duty to disclose known adverse conditions.
[W]e hold that, although generally the fraud must be of such a nature as to constitute active concealment to prevent inquiry or elude investigation or to mislead a person who could claim a cause of action, we do recognize the fiduciary, confidential relationship of physician-patient imposing on the physician the duty to disclose; but, this is a duty to disclose known facts and not conjecture as to possibilities. The necessary predicate of this duty is knowledge of the fact of the wrong done to the patient. [citation omitted]. Where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he has a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute.
Id. at 39.
In Nardone, the claimed negligence was a certain diagnostic procedure that allegedly caused injury to the child, and the fraudulent concealment was the physician's failure to disclose to the parents of the child that the procedure had taken place. Id. at 28, 35. The court found that the doctor-patient relationship required the disclosure of the possible causes for the baby's condition and held that the physician's silence amounted to concealment, even though there was no active misrepresentation. The holding in Nardone supports appellants' argument that the failure to inform Mangoni of an adverse medical diagnosis may be concealment within the meaning of the statute of limitations. Here, Drs. Temkin and Gilderman knew of the cyst, an adverse condition, and failed to disclose its existence to Mangoni.
Of further support for appellants' position is Almengor v. Dade County, 359 So.2d 892, 894-95 (Fla. 3d DCA 1978), where the appellate court reviewed a summary judgment entered in a medical malpractice case in favor of the defendant medical providers on the ground that the action was barred by the then applicable statute of limitations. The alleged negligence involved the delivery and care of a newborn which resulted in severe brain damage to the child. In reversing the order granting summary judgment, the court stated:
[T]here is a genuine issue of fact as to whether the doctors as employees of the defendant hospital who delivered plaintiff's baby actually knew, or should have known through efficient diagnosis, of a physical injury to the baby inflicted during birth but failed to so inform the plaintiff which thereby kept the plaintiff in ignorance thereof. If true, such non-disclosure resulting in successful concealment would also toll the running of the statute of limitations.
Id. at 895.
We recognize that in Nardone and Almengor, the alleged negligence and the action which tolled the statute were separate. Nevertheless, the plain language of section 95.11(4)(b) does not suggest that the negligence and the concealment which extends the statute must be separate. Here, the doctor-patient relationship created a duty to disclose the adverse condition but the diagnosis was withheld from the patient. This concealment may have prevented Mangoni from learning of the existence of the cyst until after the termination of her relationship with appellees. Thus, by their silence, the defendants may have effectively concealed their own neglect of a medical condition that demanded attention. Therefore, the entry of summary judgment was error.
We note that in the instant case, the only issue which we have addressed is the one ground asserted by appellees in their motion for summary judgment, that is, that the four year statute of limitations had expired and that appellants had not alleged any actions which could have extended it. See Loranger v. State, Dept. of Transp., 448 So.2d 1036 (Fla. 4th DCA 1983) (ruling on an appeal from a motion for summary judgment the *1289 appellate court should not address grounds not raised below because to do so would violate the principles of Florida Rule of Civil Procedure 1.150(c) which requires that the moving party "state with particularity" the grounds upon which the motion is based).
REVERSED and REMANDED.
STONE and GROSS, JJ., concur.
NOTES
[1] Section 95.11(4)(b) provides in part that:

In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred.