714 So.2d 539 (1998)
Samuel HERNANDEZ, et al., Appellants,
v.
AMISUB (AMERICAN HOSPITAL), INC., a Texas corporation, d/b/a A.M.I. Kendall Regional Medical Center, Appellee.
No. 96-2991.
District Court of Appeal of Florida, Third District.
June 24, 1998.
Rehearing Denied July 29, 1998.
*540 David H. Charlip, Fort Lauderdale, for appellants.
Parenti, Falk & Waas, Gail Leverett Parenti and Michael A. Sastre, Coral Gables, for appellee.
Before SCHWARTZ, C.J.[*], and NESBITT and GODERICH, JJ.
NESBITT, Judge.
The plaintiffs below, Samuel Hernandez and Elizette Hernandez (collectively referred to as "Hernandez" hereafter), appeal from the trial court's order granting a directed verdict in favor of the defendant below, Amisub, Inc., d/b/a Kendall Regional Medical Center (Hospital). We reverse.
On April 11, 1988, a laparotomy pad was left inside Mr. Hernandez' abdomen following surgery at the Hospital. Years later, Hernandez began to experience abdominal pain. After another doctor discovered that Hernandez' pain was the result of the pad, it was surgically removed on May 27, 1993.
On December 30, 1993, Hernandez filed a complaint, alleging that the Hospital's employees and the surgeon were negligent in leaving the pad inside his body. The complaint also alleged that the Hospital and its employees "misrepresented material facts" concerning the pad count. Thereafter, the trial court granted the Hospital's motion to dismiss, finding that the action was barred by the four-year medical malpractice statute of repose. See § 95.11(4)(b), Fla. Stat. (1989). This Court reversed, finding that the allegations of the amended complaint were sufficient to create a fact issue as to whether the seven-year repose rather than the four-year repose period was applicable. See Hernandez v. Amisub (Am.Hosp.), Inc., 659 So.2d 1316 (Fla. 3d DCA 1995).
Section 95.11(4)(b), Florida Statutes (1989), states in relevant part:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been *541 discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitation is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
Thus, section 95.11(4)(b) extends the normal four-year statute of repose in a medical malpractice action to seven years in cases of fraud, concealment, or intentional misrepresentation of fact.
Upon remand and after presenting testimony, both parties moved for summary judgment on the issue of the statute of repose. Specifically, Hernandez argued that the seven-year repose period was applicable because there had been an "intentional misrepresentation of fact" that prevented Hernandez from discovering his injury within the initial four-year repose period. Hernandez also argued that the "concealment" exception to the four-year statute of repose applied. The Hospital argued that the four-year repose period applied, thus barring Hernandez' recovery. The trial court denied both motions.
Prior to trial, the Hospital admitted negligence, stipulating that its employees' actions fell below the standard of care and that this caused Hernandez' injuries. At the close of Hernandez' case, the Hospital moved for a directed verdict, asserting that Hernandez had proved neither intentional misrepresentation nor concealment, which precluded the application of the seven-year statute of repose. The trial court granted the Hospital's motion for a directed verdict. This appeal follows.
In our view, the statute clearly allows extension of the statute of repose period to seven years in the instant situation. Here, the evidence presented by Hernandez showed that the Hospital either concealed evidence or intentionally misrepresented a material fact.
Notwithstanding the hospital's assertion to the contrary, there was no need for Hernandez to prove that the Hospital or its employees had actual knowledge that a pad had been left inside Hernandez' abdomen, in order for Hernandez' claim to succeed. There is no indication in section 95.11(4)(b) that the term "concealment" includes a scienter element. The term "conceal" does not necessarily infer intent or deliberation.[1] Indeed, given the facts here, it is quite unlikelyeven unthinkablethat anyone would intentionally or deliberately "conceal" a foreign object in a patient's body.[2] Moreover, even under an "intentional misrepresentation" claim, the misrepresentation need not be deliberate. Misrepresentation may also be shown by carelessness or recklessness as to the truth of the matter asserted.[3]See Ocean Bank of Miami v. Inv-Uni Investment Corp., 599 So.2d 694 (Fla. 3d DCA 1992).
We believe that Hernandez proved "concealment" or, alternatively, "intentional misrepresentation of fact" here. The specific misrepresentation was the Hospital's report that it had performed an accurate count of lap pads at the conclusion of Hernandez' operation when it had not. Not only was the count not properly performed, as evidenced by the pad left inside Hernandez' body, but *542 the Hospital demonstrated reckless disregard for the truth by its false report indicating that the count had been properly performed.
Hernandez introduced evidence that the Hospital's policy required two persons to jointly conduct a pad count at the conclusion of an operation and that this count was not properly conducted in his case.[4] Obviously, the joint count is to ensure that the number of pads that come out of the patient's body after the operation is the same as the number of pads that went into the patient's body during the operation. In other words, the purpose of the joint count is to prevent the very situation presented here.
There was more than mere negligence here. The Hospital's operating room technician, Ms. Cohn, admitted that sometimes she would sign off on the pad count without having actually conducted it. Cohn surmised that, in the instant case, she must not have visually inspected the pads as the circulating nurse was counting them; if she had, she stated, a pad would not have been left inside Mr. Hernandez' body. Further, the circulating nurse, Ms. Uribe, had signed Cohn's name to a record showing that the pad count had been conducted by both herself and Cohn when it had not. Thus, the "concealment" in the instant case was the Hospital employees' indication that all of the pads were accounted for when, in fact, there was a pad left inside Hernandez' body. Because the presence of the pad was concealed due to the employees' disregard of Hospital policy and their false report, there was no way for Hernandez to know or discover that the pad was still in his body.
The Hospital employees' actions also support application of the "intentional misrepresentation of fact" exception in section 95.11(4)(b). As stated earlier, intentional misrepresentation may be established by recklessness or carelessness as to the truth of the matter asserted. See Ocean Bank, 599 So.2d at 694. The employees here failed to properly conduct the pad count, yet falsely reported that the count had been properly conducted. They were careless, if not reckless, in so reporting.
The fact that the Hospital either concealed evidence or intentionally misrepresented facts with regard to the pad count prevented Hernandez from discovering his injury (caused by the pad) during the four-year statutory period. The Hospital's admission of negligence does not foreclose Hernandez' claim against it. See Mangoni v. Temkin, 679 So.2d 1286, 1288 (Fla. 4th DCA 1996)(the same negligent act may serve as the basis of both a negligence claim and a fraud or misrepresentation claim). Since the Hospital admitted its negligence, the hospital's only defense to Hernandez' claim was based upon the statute of repose. Because Hernandez produced sufficient evidence to show that the Hospital concealed evidence or intentionally misrepresented facts, Hernandez was brought within the extended seven-year statutory period of repose in section 95.11(4)(b). Therefore, the directed verdict for the Hospital was improper. In fact, because Hernandez was within the statute of repose and because the Hospital conceded negligence, the trial court should have entered a directed verdict for Hernandez on the issue of liability.
For the reasons stated above, we reverse and remand with instructions to enter a directed verdict for Hernandez and for determination of damages.
NOTES
[*] Chief Judge Schwartz did not hear oral argument.
[1] Webster's dictionary defines the term "conceal" as: "To hide or withdraw from observation; to withhold knowledge of." Webster's New Collegiate Dictionary 170 (2d ed.1960). As is apparent, the first definition does not include a scienter element, while the second definition does imply a scienter element.
[2] We disagree with Hernandez' contention that the statute's "concealment" exception should be applied to all cases where a foreign object has been left in a patient's body following surgery. We believe that this position reads the statute too broadly, as virtually all surgical complications are "concealed" within the patient's body.
[3] This standard seems similar to that for "actual malice" in defamation actions, where "actual malice" is defined as publication of a false item either knowing of its falsity or with reckless disregard as to its truth or falsity. See New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Times Publishing Co. v. Huffstetler, 409 So.2d 112 (Fla. 5th DCA 1982).
[4] We believe that the trial judge improperly excluded evidence relevant to the issue of concealment and intentional misrepresentationthat is, certain deposition testimony regarding the hospital's operating room policy and the pad count document.