766 So.2d 1160 (2000)
Debra C. MYKLEJORD and Dean W. Myklejord, Appellants,
v.
Stephen F. MORRIS, M.D., et al., Appellees.
No. 5D99-3615.
District Court of Appeal of Florida, Fifth District.
August 31, 2000.
Rehearing Denied September 27, 2000.
*1161 Carla R. Pepperman and Bradford D. Fisher of Austin & Pepperman, Leesburg, for Appellants.
Robert A. Hannah and Charles J. Meltz of Hannah, Estes & Ingram, P.A., Orlando, for Appellee Premiere Medical Laboratories, P.A.
Gregory F. Reis and Brian L. Smith of Hill, Reis, Adams, Hall & Schieffelin, P.A., Orlando, for Appellee Leesburg Regional Medical Center, Inc.
C. Howard Hunter of Freeman, Hunter & Malloy, Tampa, and Jennings L. Hurt, III, and Henry W. Jewett, II, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee Stephen F. Morris, M.D.
PLEUS, J.
This is an appeal from dismissal judgments in a medical malpractice case. Appellant was a patient who had cancer which was not detected by the appellee health care providers who appellant claims were negligent in failing to diagnose the cancer.
At issue is whether the statute of limitations bars appellant from suing appellees. The pertinent statute is section 95.11(4)(b), Florida Statutes (1993):
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
More precisely, the issue is whether negligent diagnosis of a disease or medical condition *1162 can constitute such "fraud, concealment, or intentional misrepresentation of fact" so as to make applicable the seven-year statute of repose under the above-quoted provision. We hold that a negligent misdiagnosis or failure to diagnose does not constitute concealment as contemplated by the statute.
The complaint in this case was filed more than six years after the alleged negligent act occurred. This is not a case in which the health care providers intentionally withheld the diagnosis or intentionally misrepresented the results. The complaint does not set forth any facts which would establish a basis to extend the statute of repose beyond four years.
"Concealment" required to extend the statute of repose in medical malpractice matters to seven years requires fraud, intent to conceal or some other active element. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976). See also Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978). Concealment also requires knowledge (by the tortfeasor) about plaintiff's condition which is not conveyed to plaintiff. Nardone, 333 So.2d at 37. In such instances, the plaintiff is being actively misled about his or her true condition by the tortfeasor. Conceptually, this intentional withholding of information acts to delay plaintiff's ability to discover the tortfeasor's wrongdoing or the nature of the injury itself.
We find no rational basis for making negligent diagnosis subject to a seven-year repose period where other acts of simple negligence are governed by a four-year period.
The trial court was correct in dismissing the complaint with prejudice and entering summary judgment.
AFFIRMED.
SAWAYA, J., concurs in result only.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, J., dissents.
I respectfully dissent.
As follows is the opinion proposed by me as the majority opinion. Because the other panel members disagree, I must submit it as a dissent. I learned long ago that two always beats one. It is my considered judgment that it is the fairest, most lawful and most logical disposition of the matter. It is also my opinion that our supreme court would require such a disposition.
"This is an appeal from judgments in a medical malpractice case. Appellant was a patient who had cancer which was not detected by the health-care providers and appellees were those who appellant said were negligent in their professional services in failing to diagnose the cancer.
At issue is whether by the statute of limitations appellant is barred from suing appellees. The pertinent statute is section 95.11(4)(b), Fla. Stat. (1993).
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the *1163 date the incident giving rise to the injury occurred.
More precisely, the issue is whether negligent diagnosis of a disease or medical condition can constitute such "fraud, concealment, or intentional misrepresentation of fact" so as to make applicable the seven-year statute of repose under the above-quoted provision. [We] answer the question in the affirmative and say that a negligent mis-diagnosis or failure to diagnose can constitute concealment as contemplated by the statute.
In Nardone v. Reynolds, 333 So.2d 25 (Fla.1976), our supreme court held:
We hold that, although generally the fraud must be of such a nature as to constitute active concealment to prevent inquiry or elude investigation or to mislead a person who could claim a cause of action, we do recognize the fiduciary, confidential relationship of the physician-patient imposing on the physician the duty to disclose; but, this is a duty to disclose known facts and not conjecture as to possibilities. The necessary predicate of this duty is knowledge of the fact of the wrong done to the patient [citation omitted]. Where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he has a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute.
It is clear that the Florida Supreme Court intends that a duty is to be imposed on a physician when an adverse condition (malignant cells on a slide for example) is either known to the doctor or is readily available to him/her through "efficient diagnosis." It is undisputed that the diagnosis here by Morris was inefficient. See also Mangoni v. Temkin, 679 So.2d 1286 (Fla. 4th DCA), rev. dismissed, 686 So.2d 582 (1996), in which the court held that the act giving rise to the negligence action may also be the act which gives rise to the fraudulent concealment action which would extend the Statute of Repose to up to seven years.
In addition, Hernandez v. Amisub, Inc., 714 So.2d 539 (Fla. 3d DCA), rev. denied, 728 So.2d 200 (1998), lends support to the Nardone language. Hernandez dealt with a surgical team leaving a "laparotomy pad" in Hernandez' abdomen during a surgery. While the court found evidence to support "intentional misrepresentation" it also discussed the "concealment" element contained within section 95.11(4)(b):
Notwithstanding the hospital's assertion to the contrary, there was no need for Hernandez to prove that the hospital or its employees had actual knowledge that a pad had been left inside Hernandez' abdomen, in order for Hernandez' claim to succeed. There is no indication in section 95.11(4)(b) that the term "concealment" indicates a scienter element. The term "conceal" does not necessarily infer intent or deliberation. Indeed, given the facts here, it is quite unlikely even unthinkablethat anyone would intentionally or deliberately "conceal" a foreign object in a patient's body.
Hernandez at 541.
REVERSED and REMANDED."
Finally, given that the Nardone and Hernandez decisions are essentially contrary to the majority decision, I suggest we at least certify the question as one of great public importance.