816 So.2d 262 (2002)
John DOE, Appellant,
v.
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, d/b/a Tampa General Hospital, and Florida Board of Regents, Appellees.
No. 2D01-217.
District Court of Appeal of Florida, Second District.
May 22, 2002.
Jerry S. Theophilopoulos, Tarpon Springs, for Appellant.
David S. Nelson and Diana L. Fuller of Smith & Fuller, P.A., Tampa, for Appellee Hillsborough County Hospital Authority.
Thomas M. Hoeler and G. William Lazenby, IV, of Burton, Shulte, Weekley, Hoeler, Robbins & Beytin, P.A., Tampa, for Appellee Florida Board of Regents.
ALTENBERND, Judge.
John Doe appeals a final summary judgment entered in his medical malpractice action against the Hillsborough County Hospital Authority, d/b/a Tampa General Hospital, and the Florida Board of Regents. This summary judgment was entered at the inception of this lawsuit before the Hospital Authority had even filed an answer. The trial court determined that because John Doe had constructive notice of the content of his medical records, the two-year statute of limitations set forth in section 95.11(4)(b), Florida Statutes (1993), *263 applied and barred the action. As a result, the trial court did not consider whether the seven-year statute of repose contained in section 95.11(4)(b) applied. We conclude that under the unusual circumstances of this case, John Doe did not have constructive notice of the content of his medical records, and therefore the trial court could not summarily determine that the seven-year statute of repose did not apply. Accordingly, we reverse the summary judgment and remand for further proceedings. Whether the seven-year statute of repose will ultimately apply to allow this action is a difficult question that is not ripe for our review.
John Doe filed this lawsuit on February 1, 2000. According to the complaint, John Doe was admitted to Tampa General Hospital in November 1993, suffering from a drug overdose. During his stay in the hospital, he was treated by a resident physician who was employed by the Florida Board of Regents. While John Doe was at the hospital, a blood test revealed that he was HIV positive. The positive test result was confirmed in a second test, and a written report containing the results of the test was placed in John Doe's medical records at the hospital. John Doe claimed that no one informed him of the positive outcome of the test despite section 381.004(3), Florida Statutes (1993), which requires a person ordering an HIV test to schedule a return visit to disclose the test results and to afford face-to-face counseling about the results. He first discovered the existence of the blood test in June 1998. He alleged that the failure of the defendants to inform him of the diagnosis in 1993 caused him to develop AIDS more rapidly by delaying effective treatment.
The Board of Regents answered the complaint and raised affirmative defenses, including a defense that the claim was barred by "the applicable statute of limitations." The Hillsborough County Hospital Authority filed a motion to dismiss the complaint, arguing in part that the statute of limitations set forth in section 95.11(4)(b) barred the complaint because John Doe was deemed to have knowledge of his medical records, which contained the positive test results in 1993. Based upon these pleadings and the defendants' answers to John Doe's first set of requests for admissions, the defendants immediately moved for summary judgment, claiming that the action was barred either by the two-year statute of limitations or by the four-year statute of repose, both contained in section 95.11(4)(b). The trial court concluded that the two-year statute of limitations barred the action and entered final summary judgment in favor of the defendants.
Section 95.11(4)(b) contains the relevant statute of limitations and statute of repose. In summary, that statute requires a medical malpractice action to be filed "within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." In most situations, the discovery statute of limitations is capped by a four-year statute of repose "from the date of the incident or occurrence out of which the cause of action accrued." However, the statute of repose extends for a total of seven years where "it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury." In this case, John Doe's complaint was filed more than four years after he alleged he received the blood test, but within two years of his alleged discovery that the defendants had failed to inform him of the test results and within seven years from the date of the blood test.
*264 Both the statute of limitations and the statute of repose are affirmative defenses. In this case, once the defendants chose to raise these defenses, the plaintiff may have needed to reply with factual allegations that would allow the case to fit within the seven-year maximum period-that is, allegations that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury. The trial court was not concerned about such factual reply issues because it concluded, relying upon Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), that John Doe was on constructive notice of the content of his medical records from 1993. Because the plaintiff admitted that the blood test results were in his hospital medical records, the trial court concluded that the statute of limitations expired two years from the hospitalization in 1993. Accordingly, the trial court did not address the statute of repose. We conclude that this was error.
This medical malpractice case is unusual in two respects. First, John Doe is not alleging that he received negligent treatment in 1993. This is not a case in which negligent medical treatment in 1993 caused a disease or condition to develop a few years later. This is not a case where a doctor failed to disclose a test establishing that the doctor's treatment was deficient and resulted in some injury in 1993. Instead, while treating John Doe for a drug overdose, a test revealed that he had a separate condition that required treatment. The failure to notify John Doe is thus both the alleged negligent act that contributed to Doe's rapid development of AIDS and the circumstance that creates confusion about the statute of limitations and the statute of repose.
Second, this case is unusual because section 381.004(3), Florida Statutes (1993), creates special notification procedures for HIV testing. Subsection (3) states in pertinent part:
(3) HUMAN IMMUNODEFICIENCY VIRUS TESTING; INFORMED CONSENT; RESULTS; COUNSELING; CONFIDENTIALITY.
. . . .
(c) ... At the time an HIV test is ordered, the person ordering the test shall schedule a return visit with the test subject for the purpose of disclosing the test results and conducting posttest counseling as described in paragraph (e).
(d) No test result shall be determined as positive, and no positive test result shall be revealed to any person, without corroborating or confirmatory tests being conducted....
(e) No test result shall be revealed to the person upon whom the test was performed without affording that person the immediate opportunity of individual, face-to-face counseling about:
1. The meaning of the test results;
2. The possible need for additional testing;
3. Measures for the prevention of the transmission of the human immunodeficiency virus infection;
4. The availability in the geographic area of any appropriate health care services, including mental health care, and appropriate social and support services;
5. The benefits of locating and counseling any individual by whom the infected individual may have been exposed to the human immunodeficiency virus infection and any individual whom the infected individual may have exposed to such human immunodeficiency virus infection; and
6. The availability, if any, of the services of public health authorities with respect to locating and counseling any individual described in subparagraph 5.
*265 The statute seems to contemplate a situation involving outpatient treatment in a doctor's office or clinic. In 1993, when John Doe's test was ordered by a resident for a hospitalized patient, the record does not establish what the customary or usual procedures were, at the hospital or within the medical community, to satisfy this statutory requirement.
John Doe maintains that in light of section 381.004(3) the constructive notice rule announced in Nardone, 333 So.2d 25, should not be applied to hold that he had constructive knowledge of the positive test results, and that any negligent failure to notify him of the positive HIV test constitutes a "concealment" that extends the statute of limitations to seven years under the statute of repose. For the latter proposition, John Doe relies primarily upon Hernandez v. Amisub, Inc., 714 So.2d 539, 541 (Fla. 3d DCA 1998), which states that the "concealment" exception to the statute of repose in section 95.11(4)(b) does not include a "scienter element" and that a careless misrepresentation may be sufficient to extend the period of repose. John Doe also relies on Mangoni v. Temkin, 679 So.2d 1286, 1287 (Fla. 4th DCA 1996), which holds that a single unsuccessful effort to notify a patient of an adverse test result with no additional effort to notify the patient may constitute "concealment."
The defendants maintain that John Doe had a responsibility to examine his own medical records within two years of the test. Based upon Nardone, 333 So.2d 25, they argue that John Doe is deemed to have "discovered" his "injury" when the positive test results were placed in his medical records in 1993. As a result, they maintain that the claim is barred by the statute of limitations and that any statute of repose is immaterial. If the statute of repose is material, they maintain that earlier HIV cases establish that this case is barred by the four-year statute of repose, see Damiano v. McDaniel, 689 So.2d 1059 (Fla.1997), and that fraudulent concealment does not apply under these circumstances to extend the limitation period to seven years.
We agree with John Doe that when a health care provider is subject to statutory requirements designed to assure that each patient is counseled about an adverse diagnostic test result for a condition that may not become symptomatic for years, the tested patient is not on constructive notice of the undisclosed test result merely because it has been filed in his medical records. In Nardone and the other cases applying the constructive notice rule, some physical injury or medical condition or event had placed the plaintiff in a posture where the plaintiff could reasonably have been expected to consider the need to examine medical records. See Nardone, 333 So.2d 25 (involving child who suffered irreversible brain damage and blindness); Menendez v. Pub. Health Trust of Dade County, 566 So.2d 279 (Fla. 3d DCA 1990) (involving infant who received care in intensive care unit and was diagnosed with cerebral palsy); Humber v. Ross, 509 So.2d 356 (Fla. 4th DCA 1987) (involving patient who fractured hip during hospital stay).
Nardone was written in response to a series of questions from the Fifth Circuit designed to determine when the claimant's knowledge of an injury would commence the running of a statute of limitations. Nardone was reexamined in Tanner v. Hartog, 618 So.2d 177, 181 (Fla.1993), to clarify the concept of "knowledge of the injury." Nothing in this series of cases requires every patient to obtain all of their medical records on an annual basis to review them for the potential need to take legal action. No one would be served by a rule that placed patients on constructive *266 notice of the contents of medical records that they have no reason to request. In this case, however, we hold only that patients without existing symptoms of a disease are not on constructive notice of a positive diagnostic test concerning that disease, when a health care provider has not fulfilled special statutory obligations designed to assure that the patient is notified of the positive result. We therefore reverse the final summary judgment entered by the trial court, and remand the case to allow John Doe to respond to the defendants' affirmative defenses.
On remand, we are aware that the parties will contest whether the seven-year statute of repose applies. At this preliminary stage, John Doe has not alleged nor produced evidence that the nondisclosure of this test was the result of fraud or intentional misrepresentation. If John Doe cannot allege fraud or intentional misrepresentation, the issue will apparently hinge upon whether any "concealment" must be intentional or whether negligent or careless concealment is sufficient to extend the statute of repose under section 95.11(a)(4).
In Hernandez, 714 So.2d 539, 541, the Third District held that "concealment" in this statute includes failure to disclose the existence of a surgical pad accidently left inside the patient under circumstances where the health care provider had no actual knowledge the pad was inside the patient. The health care provider "concealed" the pad by virtue of a negligent count of surgical instruments, followed by the preparation of a medical record improperly claiming that all instruments had been located. Thus, the Third District does not require "scienter" as an element of concealment.
In a decision that would appear to conflict with Hernandez, the Fifth District has held that concealment does require "intent to conceal or some other active element." See Myklejord v. Morris, 766 So.2d 1160, 1162 (Fla. 5th DCA 2000). We note that the word "concealment" in the statute is placed between the words "fraud" and "intentional misrepresentation," which would suggest as a matter of statutory construction that concealment involves some level of knowledge or intent. See Cepcot Corp. v. Dep't of Bus. & Prof'l Regulation, 658 So.2d 1092 (Fla.1995) (referring to doctrine of noscitur a sociis, under which court examines other words used within string of concepts to derive legislature's overall intent in statute).
The long discussion of this general issue in Nardone repeatedly uses the term, "fraudulent concealment." See Nardone, 333 So.2d at 37. Nevertheless, Nardone also states that "where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he has a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute." Nardone, 333 So.2d at 39.
We provide the preceding discussion not to compel any particular decision by the trial court, but to explain that the law is not settled and appears in conflict. The trial court should understand that no controlling decision exists in another district, and it must determine whether the seven-year statute of repose applies after it has sufficient factual information to make that decision.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.