SAWAYA,'J.
Naji Nehme, as personal representative for the estate of Rhonda Nehme, appeals the summary final judgment entered in favor of the defendants, Smith-kline Beecham Clinical Laboratories, Inc. (Smithkline), Dr. William Shutze and Premier Medical Laboratories, P.A. (Premier). Nehme argues that the trial court erred in granting summary judgment on the statute of repose defense raised by these defendants.[1] We affirm, but because of our concern regarding the proper interpretation of Nardone v. Reynolds, 333 So.2d 25 (Fla.1976), receded from on other grounds, Hearndon v. Graham, 767 So.2d 1179 (Fla. 2000), we seek clarification from the supreme court.
The facts are not in-dispute. On May 23, 1994, thirty-year-old Rhonda Nehme had a gynecological examination-and pap smear at Volusia County Public Health Department. The slide of the pap smear was delivered to Smithkline, which sent it on to Shutze & Techman, P.A., the predecessor corporation of Premier, for interpretation. Shutze &. Techman’s employee, cytotechnologist Ms. Lannon, interpreted the slide as “normal” and “within normal limits.” Her report was dated June 3, 1994. Because the slide was read as normal, no other cytologist or pathologist re *521 viewed Ms. Lannon’s work, nor was the slide chosen for a random oversight review. Sadly, Ms. Lannon’s report does not appear to have been accurate, as there was expert testimony that Ms. Lannon’s interpretation was “egregious” and that the cytopathological evidence of malignancy was “big as a house.” On February 21, 1997, Mrs. Nehme was diagnosed with cervical cancer. She died thereof on December 9, 1997, just two months before her 34th birthday. Two different doctors agreed that had Mrs. Nehme’s cervical cancer been diagnosed via the 1994 pap smear, Mrs. Nehme would have had a very high (75% to 100%) probability of cure.
On January 27, 1999, four years and seven months after the pap smear report, Mr. Nehme filed a petition seeking a 90-day extension of the statute of limitations. On May 11, 1999, Mr. Nehme served his pre-suit notice of intent. On September 7, 1999, Mr. Nehme filed the instant medical malpractice/wrongful death complaint alleging that the cytotechnologist had misinterpreted the pap smear and that a proper interpretation would have revealed the existence of the malignancy. Mr. Nehme alleged that the defendants had engaged in fraud, concealment or misrepresentation and sought damages on behalf of the estate, himself, and the Nehmes’ six minor children.
The statute of repose defense was raised by the defendants, who argued that the case was barred by the' four year statute of repose as set forth in section 95.11(4)(b), Florida Statutes, which requires that any medical malpractice action be commenced no later than four years fróm the date of the incident or occurrence. The defendants reasoned that because the incident of malpractice (the eytotechnologist’s misinterpretation of the pap smear) occurred on June 3, 1994, the statute of repose expired four years later on June 3, 1998, and thus the suit was initiated after the statute of repose had expired. The defendants asserted that Myklejord v. Morris, 766 So.2d 1160 (Fla. 5th DCA 2000), rev. denied, 789 So.2d 347 (Fla.2001), was directly on point and required summary judgment in favor of all of the defendants.
Mr. Nehme countered that the defendants’ failure to advise Mrs. Nehme that her pap smear had been abnormal was evidence of concealment and thus the statute of repose should be extended to the full seven years allowed by section 95.11(4)(b) in cases of fraud, concealment or intentional misrepresentation. See § 95.11(4)(b), Fla. Stat. (2000) (stating in pertinent part, “In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred....”). Such concealment was evidenced, he contended, by the fact that the pap smear was misread and the original reading was not re-screened by a pathologist. The statute does not require intentional conduct, but rather can be met by negligence, Mr. Nehme argued.
The trial court agreed with the de7 fendants that Myklejord was controlling and entered judgment accordingly. The, trial court was correct that the issue presented in this case is the identical issue presented in Myklejord — whether negligent diagnosis by a medical provider is synonymous with “concealment” as contemplated by the statute of repose provision of section 95.11(4)(b), Florida Statutes. Myklejord does not provide an easy answer to that question because the rea *522 soning behind the Myklejord holding was not agreed to by two of the three judges on that panel. . '
The dichotomy of views expressed in the majority and dissenting opinions in Mykle-jord emanates from specific language in Nardone wherein the court states:
After careful analysis of the variant views of other jurisdictions in this country and previous views espoused by this Court and other Florida Appellate Courts, we hold that, although generally the fraud must be of such a nature as to constitute active, concealment to prevent inquiry or elude investigation or to mislead a person who could claim a cause of action, we do recognize the fiduciary, confidential relationship of physician-patient imposing on the physician a duty to disclose; but, this is a duty to disclose known facts and not conjecture and speculation as to possibilities. The necessary predicate of this duty is knowledge of the fact of the wrong done to the patient. Cf. Kauchick [v. Williams], supra [435 S.W.2d 342 (Mo.1968)]. Where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he has a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute.
Nardone, 333 So.2d at 39. Judge Dauksch expressed the belief in his dissent that based on this language from Nardone, a duty is imposed “on a physician when an adverse condition (malignant cells on a slide for example) is either known to the doctor or is readily available to him/her through ‘efficient diagnosis’ ” and, therefore,'the “fairest, most lawful and most logical disposition of the matter” was for this court to hold that “a negligent misdiagnosis or failure to'diagnose can constitute concealment as contemplated by the statute.” Myklejord, 766 So.2d at 1162-63. Judge Pleus, on the other hand, wrote that “a negligent misdiagnosis or failure to diagnose does not constitute concealment as contemplated by the statute.” Id. at 1162. Judge Sawaya concurred in result only.
Mr. Nehme argued below and asserts on appeal that Myklejord is actually three separate opinions and does not constitute valid precedent for any principle of law. See Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991) (holding that where one judge authors an affir-mance, another judge concurs in result only, and a third judge files a dissenting opinion, there is no majority opinion and the case does not stand as precedent for the individual views expressed in the three separate opinions). We agree that Mykle-jord is not binding precedent; however, it cannot be ignored that the sole issue in Myklejord was whether negligent diagnosis can constitute concealment for purposes of the statute of repose and this court did affirm the trial court’s dismissal of the action on statute of repose grounds. We thus affirm the instant case in accordance with Myklejord, but because we recognize that language in Nardone can be read to support a conclusion either way, as evidenced by Myklejord, we certify to the Florida Supreme Court the following question as one of great public importance:
DOES THE TERM CONCEALMENT AS USED IN SECTION 95.11(4)(b), FLORIDA STATUTES, ENCOMPASS NEGLIGENT DIAGNOSIS BY A MEDICAL PROVIDER?
AFFIRMED; ■ QUESTION CERTIFIED.
GRIFFIN and ORFINGER, R. B., JJ„ concur.

. Mr. Nehme also argues that because Smith-kline did not assert the statute of repose as an affirmative defense in its answer, Smithkline waived the defense and cannot be permitted to amend its answer to assert the defense. While Mr. Nehme is correct that an affirmative defense is waived unless it is pleaded, Fla. R. Civ. P. 1.140(h)(1); Aboandandolo v. Vonella, 88 So.2d 282 (Fla.4956), Mr. Nehme has failed to recognize that a trial court has the discretion to allow amendment of a pleading “when justice so requires” and “in furtherance of justice.” Fla. R. Civ. P. 1.190(a) and (e); Wayne Creasy Agency, Inc. v. Maillord, 604 So.2d 1235 (Fla. 3d DCA 1992). The instant circumstances provided no support for departing from the clear mandate set forth in rule 1.190, and thus no abuse of discretion has been demonstrated in the trial court's ruling that Smithkline timely asserted the defense. See State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So.2d 1218 (Fla. 5th DCA 1998).