342 So.2d 77 (1977)
WINCAST ASSOCIATES, INC., a Florida Corporation, Petitioner,
v.
Lawrence J. HICKEY et al., Respondents.
No. 48291.
Supreme Court of Florida.
January 20, 1977.
*78 Sanford N. Reinhard of Zinn & Reinhard, Miami, for petitioner.
John R. Young of Hamilton, James, Merkle & Young, Del Ray Beach, for respondents.
SUNDBERG, Justice.
This is a petition for writ of certiorari to the District Court of Appeal, Fourth District. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution. Oral argument has been waived, and we consider the merits as argued in the briefs submitted by the parties.
Respondent Hickey brought an equity proceeding against the Rosemurgys and Rosemurgy Company (Company), a successor in interest to a land developer. The Company impleaded petitioner Wincast Associates, Inc. as a third party defendant. Wincast operates apartment buildings and the Company maintains surrounding recreational areas.
The cross-claims of Wincast and the Company provide the subject of this petition. By impleader, the Rosemurgys and the Company alleged that Wincast breached the contractual agreement to pay fees for the use of recreational areas. Wincast's answer was that the Company had denied it access to the facilities and allowed the areas to deteriorate. Wincast also sought a declaratory judgment as to the continued effect of certain easements and covenants.
On the cross-claim issues centering on breach of contract which were cognizable at common law, Wincast demanded a jury trial. On October 16, 1974, the Circuit Court in and for Broward County denied the request for a jury trial as to both the cross-claim filed against and that filed by Wincast. Denial was without prejudice so that the demand could be made at a later time with no penalty for failing to meet the time limit set by the Florida Rules of Civil Procedure.
On October 29, 1974, the Company and the other primary defendants moved to set the cause for trial, a motion which Wincast opposed on the basis of continuing discovery which would demonstrate the right to trial by jury. On November 12, 1974, the circuit court set January 2, 1975, as the trial date. Motions to vacate the order setting the non-jury trial and to set a jury trial were denied by the circuit court on December 20, 1974.
Three days later, Wincast filed notice of an interlocutory appeal to the Fourth District Court of Appeal, seeking also a constitutional stay writ to delay the impending trial. The writ was denied. Wincast Associates, Inc. v. Rosemurgy, 305 So.2d 889 (Fla. 4th DCA 1974). This Court subsequently granted Wincast's petition to stay proceedings in the District Court and circuit court pending disposition of its petition for writ of certiorari to challenge the Fourth District's denial of the motion for a constitutional stay writ. However, that petition for certiorari was finally denied by this Court. Wincast Associates, Inc. v. Rosemurgy, 317 So.2d 768 (Fla. 1975).
Wincast's instant petition seeks review of the Fourth District's decision on the merits of the interlocutory appeal. That court affirmed per curiam without opinion the circuit judge's denial of the jury trial demand. 320 So.2d 488.
After careful consideration, we have concluded that the trial court erred in denying the request for a jury trial on petitioner's cross-claim against the respondent. In so doing, we have relied heavily on the reasoning *79 enunciated in Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963).
Hightower involved a suit filed in chancery to foreclose an architect's lien. The defendants filed a compulsory counterclaim for damages allegedly caused by the plaintiff's negligent performance of his duties under the contract for architectural services and requested a jury trial on the issues presented therein. The chancellor's decision to strike the request for a jury trial was affirmed by the District Court of Appeal. In an exhaustive opinion, the Supreme Court decided that it was error to deny Hightower his right to a jury trial on the counterclaim. After citing and quoting from numerous state and federal court cases on the subject, Mr. Justice Terrell, writing for the majority, concluded thus:
"Other cases could be cited in support of our thinking on the concept of trial by jury and its place in our jurisprudence. The cases we have cited show that it was at one time the right arm of common law but that it is now the dividing line that separates law from equity and that it is guaranteed by the state and federal constitutions. It has had a long and distinguished history and is now one of the main avenues through which the common man directs the working of democracy. To hold that the mere discretion of a chancellor can set it at naught tends to agitate the butterflies in the stomach of an old common law lawyer who imbibed the common law from Coke, Blackstone, Holdworth's History of English Law, Lord Campbell's Lives of the Chief Justices, and Mr. Justice Holmes' The Common Law." 156 So.2d 509.
See also Olin's, Inc. v. Avis Rental Car Sys., 131 So.2d 20 (Fla.3d DCA 1961).
We believe that the Hightower holding should be extended to the facts of the instant case. It is desirable policy to encourage the filing of cross-claims and permissive counterclaims so that all aspects of a given legal dispute may be disposed of as expeditiously as possible. See Jones-Mahoney Corp. v. C.A. Fielland, Inc., 114 So.2d 18 (Fla.2d DCA 1959); Fla.R.Civ.P. 1.170(h), 1.250(c). If, in a situation such as here presented, it is impossible to settle all the facets of the dispute at one time due to a demand for jury trial, the trial judge can still order a separate trial on the subsidiary claims pursuant to Rule 1.270(b), Fla.R. Civ.P.
Accordingly, the petition for writ of certiorari is granted, the opinion of the District Court of Appeal is quashed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
OVERTON, C.J., and ADKINS, ENGLAND, HATCHETT and ROBERTS (Retired), JJ., concur.
BOYD, J., dissents.