720 So.2d 214 (1998)
Mildred JAYE, Petitioner,
v.
ROYAL SAXON, INC, Respondent.
No. 91652.
Supreme Court of Florida.
October 22, 1998.
Edward A. Marod, West Palm Beach, for Petitioner.
Geoffrey B. Marks and Anne E. Zimet of Cole, White & Billbrough, P.A., Miami, for Respondent.
WELLS, Justice.
We have for review Jaye v. Royal Saxon, Inc., 698 So.2d 940 (Fla. 4th DCA 1997), which certified conflict with Johnson Engineering, Inc. v. Pate, 563 So.2d 1122 (Fla. 2d DCA 1990); Quality Coffee Service, Inc. v. Tallahassee Coca-Cola Bottling Co., 474 So.2d 427 (Fla. 1st DCA 1985); and Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district courts are in conflict as to whether it is appropriate for an appellate court to grant certiorari to review a nonfinal trial court order striking a party's demand for a jury trial. We hold that certiorari review is inappropriate because a trial court's order denying or striking a demand for a jury trial does not cause an irreparable injury that cannot be remedied on direct appeal.
In this case, Mildred Jaye petitioned the Fourth District Court of Appeal to issue a writ of certiorari and review a trial court order striking her demand for a jury trial. The district court, relying on Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996); and Lindsey v. Sherman, 402 So.2d 1349, 1349 (Fla. 4th DCA 1981), held that it was without subject-matter jurisdiction to issue the writ and dismissed the petition. Jaye, 698 So.2d at 941. The district court then certified conflict with the aforementioned cases. Id.
Article V, section 4(b)(4) of the Florida Constitution vests district courts of appeal with the discretionary jurisdiction to issue, inter alia, writs of certiorari. Florida Rule of Appellate Procedure 9.030(b)(2)(A) authorizes district courts to use the writ of certiorari to review nonfinal orders of lower tribunals that are not directly appealable under Florida Rule of Appellate Procedure 9.130 (the interlocutory appeal rule). This Court has emphasized, however, that certiorari review in this instance "is an extraordinary *215 remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987).[1] The judicial policy in favor of limited certiorari review is based on the notion that piecemeal review of nonfinal trial court orders will impede the orderly administration of justice and serve only to delay and harass. See William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U. Fla. L.Rev. 207, 222 (1977).
Turning to the issue in conflict, it is settled law that, as a condition precedent to invoking a district court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal. See Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 544 (1942); Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). The district court in the instant case dismissed Jaye's petition for certiorari review based on its own precedent that an order striking a demand for a jury trial does not cause the petitioning party an irreparable harm that cannot be cured on direct appeal. Jaye, 698 So.2d at 941.
In this review, Jaye advances several arguments as to why the direct appeal remedy is inadequate. However, we agree with the district court below and find that Jaye's allegations of harm flowing from the trial court's order do not rise to the level of irreparable harm that permits certiorari review.
Jaye initially argues that the denial of a constitutional right, i.e., the right to a jury trial, should be sufficient to invoke a district court's certiorari jurisdiction. Jaye does not state how the alleged denial of this constitutional right causes an irreparable injury. Jaye cites only to Spring, in which the Third District concluded that it had certiorari jurisdiction to review an order striking a demand for jury trial because "the denial of the right to jury trial is more than the denial of a constitutional right; it is the denial of a fundamental right recognized prior to the adoption of a written constitution." Spring, 421 So.2d at 47. We disagree. Our disagreement is not because we fail to respect the fundamental right to a jury trial. Our disagreement is because we believe that an error in failing to provide a jury trial is an error which can be corrected on direct appeal without the type of irreparable harm necessary to support certiorari review.
Jaye argues that, as a result of the alleged error, she will suffer the following irreparable harm that a direct appeal cannot remedy: (1) the substantial injury caused when aggrieved parties must "show their hand" in a preliminary nonjury trial; (2) a situation in which the age of the parties and witnesses affects whether a second trial is feasible; and (3) the time, effort, and expense of trying a case twice. We reject these arguments because we do not find these contentions to be of the nature which demonstrates irreparable harm. See Globe Newspaper Co., 658 So.2d at 520; Martin-Johnson v. Savage, 509 So.2d at 1100; Parkway, 658 So.2d at 650; Whiteside v. Johnson, 351 So.2d 759, 760 (Fla. 2d DCA 1977); Haddad, supra, at 223. Moreover, the nonjury trial may result in a decision by the trial judge that will cause the petitioner to conclude that there is no reason to seek appellate review. We distinguish our decision in Wincast Associates, Inc. v. Hickey, 342 So.2d 77 (Fla.1977), because in that case we did not deal with the issue of whether certiorari review was appropriate. We *216 now make clear that Hickey should not be read as approving certiorari review of the denial of a demand for a jury trial.
Accordingly, we approve the dismissal of the petition by the district court in this case. We disapprove Johnson Engineering, Quality Coffee Service, and Spring to the extent that they are inconsistent with this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
ANSTEAD and PARIENTE, JJ., recused.
NOTES
[1] The committee notes to the interlocutory appeal rule also emphasize this point:

The advisory committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, because that writ provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that because the most urgent interlocutory orders are appealable under this rule, there will be very few cases in which common law certiorari will provide relief.
Fla. R.App. P. 9.130 (committee note, 1977 amend.).