732 So.2d 1147 (1999)
Berton SCHNEIDER, Trustee, Petitioner,
v.
Jonathan SCHNEIDER and Leigh Schneider, Respondents.
No. 99-1123.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
*1148 Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for petitioner.
No appearance required for respondents.
FARMER, J.
Petitioner is the trustee of two trusts. He has been sued by the beneficiaries for breach of fiduciary duties, among others by failing to exercise a right to convert certain limited partnership rights into common units, which resulted in a loss of trust assets. Initially he was represented by counsel, but the trial court allowed that counsel to withdraw. The trustee has since represented himself in the pending litigation.
With a trial scheduled to begin presently, the beneficiaries moved to require the trustee to retain counsel. They alleged that the trustee should not be allowed to proceed without counsel because of his fiduciary duties as trustee. The trustee opposed the motion. The trial court granted the relief, required the trustee to have counsel appear in such time as to be able to proceed with the imminent trial, and barred him from taking any further action in the case on his own and without counsel. It is that order that the trustee seeks to have reviewed by common law certiorari.
In Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996), this court emphasized en banc that we lack common law certiorari jurisdiction to review pretrial orders in civil cases unless the petitioner demonstrates that he will suffer irreparable harm from the order for which he has no remedy by final appeal. Recently in Jaye v. Royal Saxon Inc., 720 So.2d 214 (Fla.1998), the supreme court also reaffirmed the indispensable requirement of an injury that cannot be corrected on final appeal as a basis for our common law certiorari jurisdiction in civil cases.
In Jaye the order in question denied a party's demand for a jury trial. In seeking certiorari review, the petitioner argued that the right of trial by jury was so important that the denial of the constitutional right to jury trial sufficiently invoked common law certiorari jurisdiction. See Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982) (denial of right to jury trial is more than denial of constitutional right; it is denial of fundamental right recognized prior to adoption of written constitution). In rejecting that rationale the supreme court said:
"Jaye does not state how the alleged denial of this constitutional right causes an irreparable injury. Jaye cites only to Spring, in which the Third District concluded that it had certiorari jurisdiction to review an order striking a demand for jury trial because "the denial of the right to jury trial is more than the denial of a constitutional right; it is the denial of a fundamental right recognized prior to the adoption of a written constitution.' We disagree. Our disagreement is not because we fail to respect the fundamental right to a jury trial. Our disagreement is because we believe that an error in failing to provide a jury trial is an error which can be corrected on direct appeal without the type of irreparable harm necessary to support certiorari review." [c.o.]
720 So.2d at 215.
We recognize that, in the scheme of things, the right to represent oneself in a civil proceeding is on a scale of importance equal to the right of trial by jury. But if the importance of the right to trial by jury could not displace the requirement of injury that cannot be corrected on appeal, then neither can the right of self representation. If petitioner fails to prevail in the impending jury trial, he has the right to appeal that loss and demonstrate that he was erroneously precluded from exercising his right of self representation. In the same *1149 way that a denial of the right to representation by counsel in a civil proceeding is deemed inherently prejudicial, it would seem to us that the denial of self representation would be equally prejudicial in and of itself. Petitioner would then be entitled to a new trial.
Petitioner's reliance on federal cases allowing review of comparable orders under the "collateral order doctrine" is simply misplaced. See Devine v. Indian River County School Board, 121 F.3d 576 (11th Cir.1997). The collateral order doctrine allows a federal appellate court, under certain circumstances, to review by final appeal a nonfinal order in a civil case. See 28 U.S.C. § 1291 (courts of appeal have jurisdiction to review only final orders); 28 U.S.C. § 1292 (allowing interlocutory review of only certain specified nonfinal orders); and Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (creating collateral order doctrine). We stress that the collateral order doctrine deals with the federal right of review by final appeal, not with extraordinary review by Florida common law certiorari. Florida has not adopted the doctrine, and certainly under Jaye it could not be used as a basis to avoid the requirement of irreparable injury uncorrectable on final appeal.
If the trial judge refuses to allow petitioner to proceed on his own behalf and without counsel petitioner has a fully adequate remedy by final appeal.
PETITION DISMISSED.
DELL and POLEN, JJ., concur.