948 So.2d 1041 (2007)
HOLDEN COVE, INC., Ronald Black, et al., Petitioners,
v.
4 MAC HOLDINGS, INC., Respondent.
No. 5D07-2.
District Court of Appeal of Florida, Fifth District.
February 23, 2007.
Glen J. Ioffredo of Law Offices of Glen J. Ioffredo, P.A., Maitland, for Petitioners Ronald and Elizabeth Black.
Marc P. Ossinsky of Ossinsky & Cathcart, P.A., Winter Park, for Petitioners Holden Cove, Inc., and Patricia and Anthony Abraham.
No Appearance for Respondent.
PER CURIAM.
Petitioners seek review of an order granting partial summary judgment on the issue of liability in favor of respondent (plaintiff below). We are unable to address the merits of petitioners' argument. Certiorari review is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule, which authorizes an appeal from only a few types of non-final orders. Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla.1998). It is settled law that, as a condition precedent to invoking this court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal. Jaye, 720 So.2d at 215. An order granting partial summary judgment on the issue of liability is not reviewable because the issue can be raised on direct appeal of the final judgment. Chase Fed. Bank v. Kim, 604 So.2d 909 (Fla. 5th DCA 1992).
The individual petitioners also contend the trial court's order causes irreparable harm because they are now subject to *1042 discovery requests regarding their private finances. We reject this argument as premature and speculative.
Petition for Writ of Certiorari DENIED.
GRIFFIN, MONACO, and EVANDER, JJ., concur.