CLARK, J.
The petitioner seeks a writ of certiorari in this court, upon the trial court’s denial of the petitioner’s motion for summary judgment in a lawsuit brought by the respondent after she was struck by a bus the petitioner was driving. In the motion for summary judgment the petitioner asserted that he cannot be held personally liable because he was acting in the course and scope of his employment while driving a Jacksonville Transit Authority bus, and entitled to immunity under section 768.28(9)(a), Florida Statutes. We deny the petition for writ of certiorari.
This case arises from a negligence action in which the respondent seeks recovery for injuries she suffered when, as she walked across the street, she was struck by the bus the petitioner was driving. In her complaint the respondent alleged that her injuries resulted from the petitioner’s negligence, when he was driving a Jacksonville Transit Authority (JTA) bus. The respondent sued the petitioner and JTA, along with the Jax Transit Management Corporation (JTM) which employed the petitioner as a bus driver for the JTA. Each of the defendants admitted that the petitioner was operating JTA’s bus when it struck the respondent. Each of the defendants also invoked section 768.28, Florida Statutes, and asserted some level of immunity from tort liability. The petitioner maintained that he is entirely immune from liability under the statute and that he can *1066 not be held personally responsible regardless of any negligence which might have caused the respondent’s injuries.
The petitioner subsequently moved for summary judgment, based on his claim of immunity, due to his status as JTM’s employee, and asserting that he was acting in the course and scope of that employment when he was driving the JTA bus which struck the respondent. The petitioner further asserted that JTM was a state agency, so that the petitioner could be considered an employee of the state and entitled to the immunity granted in section 768.28(9)(a) for employees and agents of the state.
After receiving evidence and hearing argument, the trial court denied the motion for summary judgment and determined that JTM is a private corporation which was formed for the express purpose of creating a private employer for the JTA bus drivers. The court ruled that JTM was not a state agency or subdivision thereof under section 768.28, and that JTM was not an agent of the state. Concluding that the petitioner is thus not entitled to the immunity granted to employees and agents of the state and its subdivisions under section 768.28(9)(a), the court denied the motion for summary judgment.
In seeking immediate review of that ruling by petitioning this court for a writ of certiorari, the petitioner acknowledges that interlocutory review by certio-rari will not be undertaken unless irreparable harm would ensue from awaiting review until after entry of a final judgment. See e.g. AVCO v. Neff, 30 So.3d 597 (Fla. 1st DCA 2010). However, the petitioner refers to cases such as Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997), where the courts have accepted review by certiorari in situations involving claims of immunity from suit. In Stephens, review by certiorari was undertaken upon claims of qualified and absolute immunity. The court addressed the necessity for immediate interlocutory review of immunity from suit as delineated in Tucker v. Resha, 648 So.2d 1187 (Fla.1994). As the Stephens court observed, Tucker established that such immunity protects public officials from having to defend a lawsuit, and that this protection would be lost if the public official was required to go through a trial before obtaining review of the denial of a claim of such immunity.
The Florida Supreme Court considered a public official’s claim of immunity in Tucker in a lawsuit arising from the public official’s exercise of discretion in her public duties. In Tucker, the supreme court explained that such a claim of qualified immunity protects public officials from undue interference with their duties and shields those officials from having to stand trial for their official actions. The supreme court further indicated that such immunity would be illusory if the public official had to answer for their official actions at trial, before obtaining review on the claim of immunity. The court emphasized that the consequences of delayed review in that situation would have a negative impact on society as a whole, with a diversion of the public official’s attention from the duties of their office, and a possible chilling effect on the official’s discharge of those duties and discretionary actions. The supreme court in Tucker thus determined that the very policy that animates the type of immunity afforded such officials requires immediate interlocutory review upon a denial of the immunity which pertains for those public officials.
The present case does not involve such concerns, and is not animated by the same policy reasons which necessitated immediate review in Tucker and Stephens. Instead, the petitioner here is a bus driver *1067 and this case does not implicate the kind of discretionary public function and concerns that arise in connection with the discharge of public duties by public officials. The respondent’s lawsuit merely presents a claim of ordinary negligence by the petitioner in the operation of his bus. The compelling reasons for undertaking immediate review presented in Tucker are absent here and this case does not fall within the supreme court’s rationale in Tucker.
Unlike the qualified immunity for the public official in Tucker, the petitioner’s claim of immunity is based on section 768.28, Florida Statutes. In Stephens, the second district declined to undertake immediate review of the part of the individual immunity claim which implicated the public entity in connection with section 768.28(9)(a), because that portion of the suit could be remedied by appeal after a final judgment. See also Department of Education v. Roe, 679 So.2d 756 (Fla.1996). Indeed, the Stephens court suggested that the individual immunity under section 768.28(9)(a) gives rise to a lawsuit against the public body, rather than the individual employee or official. In the present case the immunity is being claimed by an employee who likewise relies on section 768.28(9)(a), which provides that:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function....
Exceptions are made for bad faith or malicious conduct, and certain willful and wanton acts, and section 768.28(9)(a) otherwise provides that:
The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee....
This enactment has been described as a grant of immunity both from liability and from suit, for such government employees. See Lemay v. Kondrk, 928 So.2d 1188 (Fla. 5th DCA 2006). Immediate interlocutory review by certiorari has sometimes been undertaken in situations involving such claims of immunity under section 768.28(9)(a). See Ondrey v. Patterson, 884 So.2d 50 (Fla. 2d DCA 2004); Board of Regents v. Snyder, 826 So.2d 382 (Fla. 2d DCA 2002). While this may be predicated on the notion that an immunity from suit will be lost if the individual has to go through a trial before obtaining review, the necessity of proceeding to a final judgment before obtaining review does not ordinarily give rise to immediate review by certiorari and the present case does not involve the policy concerns which the supreme court emphasized in Tucker.
The present case is also unlike the situation in Seminole Tribe of Florida v. McCor, 903 So.2d 353 (Fla. 2d DCA 2005), where review was granted upon a claim of tribal sovereign immunity, which precluded an action in state court without a waiver or Congressional abrogation of the tribal immunity.
Because this case involves only ordinary negligence and does not implicate other policy concerns or the discretionary functions of public officials as in Tucker, this court will not now undertake immediate interlocutory review by certiorari. Such immediate review has been elsewhere rejected, see Brown v. McKinnon, 964 So.2d 173 (Fla. 3d DCA 2007), but in light of the characterization of section 768.28(9)(a) as *1068 providing immunity from suit as well as from liability, and recognizing the ruling in cases such as Ond/rey and Snyder, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) this court certifies the following question of great public importance:
Whether review of the denial of a motion for summary judgment, based on a claim of individual immunity under section 768.28(9)(a) without implicating the discretionary functions of public officials, should await the entry of a final judgment in the trial court?
DAVIS, J. concurs.
WETHERELL, J., dissents with opinion.