BENTON, C.J.,
dissenting.
An argument could be made that an order which vacates an arbitration award and remands for a rehearing before a new arbitration panel is an order that determines the entitlement of a party to arbitration. See Fla. R. App. P. 9.130(a)(3)(C)(iv) (authorizing review by appeal of non-final orders that determine “the entitlement of a party to arbitration”). But we have rejected this view, albeit laconically. See Nationwide Mut. Ins. Co. v. Safe Harbor Condo. Ass’n, Inc., 744 So.2d 563 (Fla. 1st DCA 1999) (citing Cent. Fla. Police Benevolent Ass’n, Inc. v. City of Orlando, 614 So.2d 1203, 1204 (Fla. 5th DCA 1993) (holding the “order of the trial court in this case vacating an arbitration award and ordering a rehearing before a new arbitrator is a non-final, nonappealable order”); and City of Fort Lauderdale v. Fraternal Order of Police, Lodge No. 31, 582 So.2d 162, 162-63 (Fla. 4th DCA 1991) (holding “such an order is a non-appealable, interlocutory order, as only ‘[a]n order vacating an [arbitration] award without directing a rehearing’ is a final appealable order under Section 682.20(l)(e), Florida Statutes (1989)”)).
While the trial court unquestionably departed from the essential requirements of law, relief by certiorari also requires a showing of irreparable harm, based on error which cannot be remedied on appeal after entry of a final order. See AVCO Corp. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010). “The fact that a petitioner will incur litigation expenses is normally not enough to meet the irreparable harm test. We have repeatedly declined to grant certiorari review to orders that petitioners claim will cause irreparable harm due to payment of unnecessary litigation and defense expenses.” Id. For these reasons, I am unable to join the majority opinion.