TORPY, J.,
concurring and concurring specially.
I agree that certiorari is not available to review a non-final order striking an expert witness in a civil case. I write primarily to address the dissent and discuss the conflicting cases that address non-final orders involving the exclusion of evidence or the denial of discovery. Unlike the dissent, which explains these inconsistent holdings as a simple difference of opinion on where to draw the irreparable harm line, I think the inconsistent holdings cannot be reconciled. I see no principled basis for accepting jurisdiction in some of these cases and rejecting it in others. Our jurisdictional determination is not a mere semantic exercise. What constitutes “irreparable” injury in this context is capable of precise determination by application of established legal principles.
In the context of reviewing non-final orders of the nature discussed here, all agree that certiorari is only available when a plenary appeal does not afford an adequate remedy. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). An adequate remedy does not mean an immediate, convenient, or economical remedy. See Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998) (increased burden, added expense, and concomitant delay has no bearing on “adequacy” of plenary appeal).[1] Nor does the gravity of the error justify the relaxation of the irreparable harm prerequisite to certiorari relief. Id. (even deprivation of constitutional right does not confer certiorari jurisdiction). An adequate remedy simply means that a plenary appeal can cure the error. In the vast majority of cases, a successful appeal and new trial provide a cure for the error. Were this not the rule, certiorari review of pretrial and trial rulings would be unlimited. The classic example of irreparable harm in the civil context is where a trial court erroneously orders the production of privileged material. The harm is irreparable because the “cat is out of the bag” once the privileged material is produced. Id. An example of irreparable harm in the criminal context is where the trial court grants a pretrial motion to exclude important state’s evidence. In this circumstance, the harm is irreparable because the state cannot obtain relief in a plenary appeal due to double jeopardy principles. State v. Gerry, 855 So.2d 157 (Fla. 5th DC A 2003). The instant case is not analogous to either example. Here, even assuming that the excluded testimony is critical to the Petitioner’s defense, the availability of a direct appeal is not legally impeded. Assuming error, a new trial provides a complete cure.
The dissent comingles the denial of discovery cases with the exclusion of evidence cases, bulwarking its argument with a *1064 handful of decisions from our sister courts. Although these cases acknowledge the general rule, they announce a purported exception to the rule premised on the assumption that an adequate plenary appeal is not available when discovery is denied because the aggrieved litigant cannot show that the discovery would have made a difference to the outcome. An obvious fallacy in this logic is that the rationale for the so-called “exception” applies in every circumstance where discovery is erroneously denied or restricted. Indeed, any discovery request might uncover a key piece of evidence. A not-so-obvious fallacy is that these cases are based on a false legal premise — that the burden to demonstrate harm lies with the aggrieved litigant. In fact, the burden is on the beneficiary of the erroneous ruling to demonstrate that the error did not cause harm. Gownley v. GTE Prods. Carp., 587 So.2d 455, 459 (Fla. 1991); Special v. Baux, 79 So.3d 755, 766-67 (Fla. 4th DCA 2011). Thus, the so-called “practicality” dilemma identified by the dissent does not in any way impede the aggrieved litigant in a plenary appeal. Quite the contrary is true: an appellee will be hard-pressed to meet its burden to show harmlessness when the record does not reveal the substance of the requested discovery. What these decisions really represent is a minority view, rather than a bona fide “exception” grounded in a logical, factual distinction. These cases should be overruled in favor of the approach taken by the majority of courts that have confronted this issue.[2] See, e.g., Power Plant Entm’t, LLC v. Trump Hotels & Casino Resorts Dev. Co., 958 So.2d 565, 566 (Fla. 4th DCA 2007) (en banc) (certiorari not available from denial of discovery due to adequate remedy on plenary appeal); Neeley v. CW Roberts Contracting, Inc., 948 So.2d 844 (Fla. 1st DCA 2007) (orders denying discovery almost invariably not reviewable by certiorari because of absence of irreparable harm); Chavarria v. Bautista, 922 So.2d 245 (Fla. 3d DCA 2006) (denial of discovery not reviewable by certiorari).
Assuming for the sake of argument that the dissent’s handful of cited cases are correct, the dissent fails to acknowledge the distinction that the majority identifies. Where already discovered evidence is excluded or limited, an adequate plenary appeal is clearly available because the importance of the excluded evidence can be demonstrated. In fact, its importance can only be properly gauged when viewed in the context of all the other evidence introduced during a trial on the merits. This distinction made by the majority really addresses the issue of preservation of error, rather than resulting harm. Whether an error was preserved for appellate review presents a different issue than whether an error, though preserved, was nonetheless harmless. An aggrieved litigant has the burden to preserve an error, whereas the burden to show harmlessness lies with the other party. Where already discovered evidence is excluded or limited, a proffer of that evidence is necessary to preserve the error, but the burden to show that the exclusion or limitation was harmless still rests with the beneficiary of the error. If the aggrieved litigant fails to preserve the error, certiorari should not be available to save the litigant from the consequence of the self-inflicted impediment to a plenary appeal. By contrast, *1065 where discovery is denied or limited, a proffer of the evidence is obviously not necessary to preserve the error. One cannot proffer that which he does not have through no fault of his own.
Trial courts make numerous rulings on discovery and evidence before and during trial. Pretrial rulings often take place shortly before trial. As a consequence, aggrieved litigants often seek and receive an expedited review of certiorari petitions. Every petitioner necessarily argues that the trial court’s ruling eviscerates his or her claim or defense. Respondents often controvert that assertion. Thus, we are asked to assess the gravity of the harm based on a hurried review of an abbreviated record before all of the evidence is presented in a trial. Our appellate system is simply not staffed to handle the burden of piecemeal appeals. Judicial economy mandates that we consider all claims of error in one proceeding. The issues we are asked to consider might become moot due to settlement, a verdict in favor of the aggrieved party, or a change in the ruling by the trial court. In the case of excluded evidence, other cumulative evidence might be admitted. Even when we address an issue on the merits, because of the varying standards of review, we may be put to the redundant task of revisiting the same issue on direct appeal. For all of these reasons, appellate courts should jealously guard this narrow rite of passage. When we let these cases slip through as so-called “exceptions,” we simply compound the problem by encouraging many more such petitions, thereby increasing the burden on the courts and the litigants.
LAWSON, EVANDER and COHEN, JJ., concur.

. Where critical evidence is excluded, an aggrieved litigant may hasten the entry of final judgment to mitigate the expense of a futile trial and concomitant delay. For example, in a malpractice case, if the trial court erroneously strikes the only standard-of-care witness, the plaintiff may voluntarily dismiss the suit, obtain a final order, and appeal the pretrial ruling, which becomes final when the judgment is entered.

. I acknowledge that rare circumstances involving the denial of discovery might justify certiorari relief. For example, if a litigant is denied the right to perpetuate the testimony of a terminally-ill material witness by deposition, certiorari might be appropriate because the discovery will probably be unavailable after a plenary appeal. The cases cited by the dissent do not involve this rare circumstance.