NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRICIA ANN WALTER, as Personal )
Representative of the Estate of Norine C. )
Walter, )
)
Petitioner, )
)
v. ) Case No. 2D15-2467
)
SUNRISE SENIOR LIVING SERVICES, )
INC., d/b/a BRIGHTON GARDENS OF )
TAMPA; JAI LARMAN; and CARLA )
RUSSO, )
)
Respondents. )
_____ )

Opinion filed July 22, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; William P.
Levens, Judge.

Thomas A. Burns of Burns, P.A., Tampa;
and G. William Lazenby, IV, of Mac A.
Greco, Jr., P.A., Tampa, for Petitioner.

Ronald E. Bush of Bush, Graziano & Rice,
Tampa, for Respondents.


ALTENBERND, Judge.

The Personal Representative of the Estate of Norine C. Walter seeks

certiorari review of an order striking her request for trial by jury in an action alleging that

the negligence of employees or agents of Sunrise Senior Living Services, Inc., resulted

in personal injury to or the wrongful death of Norine Walter. The trial court struck the request for trial by jury based on the express waiver of trial by jury in the nursing facility residency agreement signed by Norine Walter. Although the petition for writ of certiorari contains citations to many legal authorities, it fails to cite to Jaye v. Royal Saxon, Inc., 720 So. 2d 214 (Fla. 1998), which holds that an order striking a demand for trial by jury is not reviewable by certiorari. Thus, if the Personal Representative believes that she is aggrieved by this order after the conclusion of a nonjury trial, she is free to raise this issue on direct appeal.

The petition for writ of certiorari is dismissed.


CRENSHAW and SALARIO, JJ., Concur.