# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

––––––––––––––––––––––––

Case No. 5D2023-1338
LT Case No. 2020-CA-1745

––––––––––––––––––––––––

VERNA D. TILLMAN,

    Petitioner,

    v.

MAHLON O. SWEAT,

    Respondent.

––––––––––––––––––––––––

Petition for Certiorari Review of Order from the Circuit
Court for Marion County.
Steven G. Rogers, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Petitioner.

Warren Kwavnick, of The Law Office of Warren B. Kwavnick,
PLLC, Pembroke Pines, for Respondent.

June 12, 2024


SOUD, J.

Petitioner Verna D. Tillman seeks certiorari relief from the trial court's order compelling financial-bias-related discovery regarding expert witnesses she disclosed as "treating physicians." We have jurisdiction. *See* Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(2)(A). We deny the petition.

## I.

Tillman was involved in a motor vehicle accident she contends was caused by the negligence of Respondent Mahlon Sweat. After she filed suit, Sweat sought discovery regarding certain physicians Tillman provided in her expert disclosure.

In her expert disclosure, Tillman identified four "treating physicians"—each of whom would testify about his or her treatment of Tillman and, importantly, "offer opinions on causation and/or damages, including, but not limited to, diagnoses, prognosis, impairment, permanency, disability, aggravation of any pre-existing conditions, costs, reasonableness, necessity, and relationship of past and future medical care." Tillman also disclosed additional retained experts. All experts—those Tillman designated as treating physicians as well as her retained experts—have "reviewed any and all medical records pertaining to the care and treatment received by" Tillman.

Pertinent here, in reliance on *Allstate Insurance Co. v. Boecher*, 733 So. 2d 993 (Fla. 1999), Sweat propounded discovery relating to claimed financial bias of the "treating physicians," seeking, *inter alia*, (a) information concerning whether she or any other Morgan & Morgan clients had been referred to the treating physician(s) and (b) documents regarding any referral relationship between her attorneys and the treating physician(s). Tillman objected to the requested discovery arguing such was prohibited by *Worley v. Central Florida Young Men's Christian Ass'n, Inc.*, 228 So. 3d 18 (Fla. 2017). Following a hearing, the trial court granted Respondent's motion to compel discovery. After further motion practice pertaining to Tillman's responses or claimed inadequacies related thereto, the trial court again entered an order compelling further discovery responses and granting sanctions against Tillman (reserving on amount).

This Petition followed.

## II.

### A.

2

The discretionary common law writ of certiorari is an "extraordinary remedy" that is only issued by this Court when necessary "to reach down and halt a miscarriage of justice where no other remedy exists." *Adventist Health Sys./Sunbelt, Inc. v. Machalek*, 383 So. 3d 534, 536 (Fla. 5th DCA 2023) (quoting *Univ. of Fla. Bd. Of Trs. v. Carmody*, 372 So. 3d 246, 251–52 (Fla. 2023)). Certiorari is limited because "the scope of certiorari review is more constrained than that of direct appellate review, for [t]he writ never was intended to redress mere legal error." *Id.* at 537 (internal quotation marks omitted).[1]

To warrant relief, Tillman must establish (1) the trial court's order departs from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal. *See Carmody,* 372 So. 3d at 252. The last two requirements are often combined into the concept of "irreparable harm." *Id.* We must first consider the final two elements because irreparable harm is jurisdictional and must be found before we may decide whether there has been a departure from the essential requirements of the law. *See id.* (citing *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)); *see also Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014).

Generally, certiorari will lie to review ordered discovery of information protected from disclosure by a recognized privilege or other law. *See Cowan v. Gray*, 348 So. 3d 630, 632 (Fla. 5th DCA 2022) (citing *State Farm Mut. Auto. Ins. v. Knapp*, 234 So. 3d 843, 848 (Fla. 5th DCA 2018)). In this case, because Tillman argues that the discovery ordered by the trial court would violate the attorney-client privilege and HIPAA, the jurisdictional requirements permitting our review are satisfied.

---

[1] "Florida judicial policy limits common law certiorari review so as to avoid 'piecemeal review of nonfinal trial court orders [that] will impede the orderly administration of justice.'" *DeSantis v. Fla. Educ. Ass'n*, 313 So. 3d 151, 153 (Fla. 1st DCA 2020) (quoting *Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998)).

However, the petition *sub judice* is properly denied because the trial court's order does not depart from the essential requirements of law.

## B.

Tillman argues that the discovery permitted by the trial court is forbidden by *Worley*. However, *Worley* addresses only discovery of certain financial-bias-related matters pertaining to a plaintiff's *treating physician*. Thus, Tillman's argument rests entirely upon her premise that those experts she disclosed as "treating physicians" are indeed such. This is where Tillman's argument, and thus her petition, fails.

At the outset, we note that Tillman's description of certain experts as "treating physicians" is not determinative. *See Pitts v. Neptune*, 49 Fla. L. Weekly D555 (Fla. 1st DCA Mar. 6, 2024). Rather, it is the subject matter of the witnesses' intended testimony as set forth in the disclosure that guides our determination. *See id.*

Expert witnesses are those whose "scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue." *See* § 90.702, Fla. Stat. (2022). Testimony presented by a treating physician "blurs the boundary between fact testimony and expert testimony" because treating physicians, like retained experts, possess the expert knowledge contemplated by section 90.702 and that knowledge informs the treating physician's testimony." *Gutierrez v. Vargas*, 239 So. 3d 615, 622 (Fla. 2018).

Treating physicians are, in some respects, fact witnesses—that is, their testimony arises from their first-hand participation in the medical treatment of a plaintiff. *See id.* ("A treating physician is a fact witness, and testifies to past facts based on personal knowledge. Those facts involve a technical matter about which the jury lacks basic knowledge, but they are facts nonetheless.") (citation omitted); *see also Pitts*, 49 Fla. L. Weekly D555 ("While an expert witness assists the jury to understand the facts, a treating physician testifies as a fact witness 'concerning his or her own medical performance on a particular occasion and is not opining about the medical performance of another.'" (quoting

*Buzby v. Turtle Rock Cmty. Ass'n, Inc.*, 333 So. 3d 250, 253–54 (Fla. 2d DCA 2022))).

> Treating physicians are limited to their medical opinions as they existed at the time they were treating the plaintiff, while an expert may form new opinions in order to help the trier of fact decide the case. Although a treating physician may possess the same qualifications as an expert witness, treating physicians form medical opinions in the course of rendering treatment and may therefore testify to the fact that they formed those opinions, and explain why they did so, provided such testimony is otherwise admissible.

*Gutierrez*, 239 So. 3d at 622–23 (citation omitted).

"It is entirely possible that even a treating physician's testimony could cross the line into expert testimony." *Id.* at 624. (quoting *Fittipaldi USA, Inc. v. Castroneves*, 905 So. 2d 182, 186 n.1 (Fla. 3d DCA 2005)). Whether the doctors identified by Tillman are indeed fact witness treating physicians

> turns on the role played by the witness: if the treating physician gives a medical opinion formed during the course and scope of treatment *in fulfillment of their obligation as a physician*, then the physician is a fact witness, albeit a highly qualified one. If, however, the treating physician gives an opinion formed based on later review of medical records for the purpose of assisting a jury to evaluate the facts in controversy, the physician acts as an expert witness, and should be considered as such.

*Id.* (emphasis added).

In the case before us, the witnesses Tillman disclosed as "treating physicians" intend to offer opinion testimony exceeding the scope permissible for a fact witness treating physician. Tillman's expert disclosure itself makes this clear for two reasons.

First, according to the expert witness disclosure, these physicians will offer testimony on their "care and treatment of [Tillman], *and* offer opinions on causation and/or damages, including, but not limited to, . . . impairment, permanency, disability . . . and relationship of past and future medical care." Such opinion testimony exceeds the scope of a fact witness treating physician whose testimony relates to diagnosis and treatment of injury or disease. This intended testimony addresses litigation-related issues.

Further, according to Tillman's expert witness disclosure, these treating physicians will be called upon to offer testimony based in part on their review of "any and all medical records pertaining to the care and treatment received by [Tillman]." Testimony based on records not generated or relied upon in the care and treatment by each treating physician goes beyond the function of a fact witness treating physician and into the realm of an expert witness.

Therefore, these particular treating physicians are in fact "hybrid" witnesses. A treating physician is properly characterized as a "hybrid witness" when "such a witness [provides] testimony on the plaintiff's medical history and course of treatment, while also offering opinions regarding future medical treatment and permanency." *Orthopedic Care Ctr. v. Parks*, 155 So. 3d 377, 382 n.5 (Fla. 3d DCA 2014). And because they are hybrid witnesses, they are subject to financial-bias discovery.

### III.

Accordingly, since the experts Tillman disclosed as "treating physicians" are hybrid experts from whom financial-bias-related discovery may be obtained, the trial court's order did not depart from essential requirements of law. Accordingly, Tillman's Petition for Writ of Certiorari is DENIED.

It is so ordered.

EDWARDS, C.J., and KILBANE, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____